[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT TERESA MALONEY'S MOTION TO STRIKE
CT Page 15230
Motion to Strike the first count is granted because "[a]n implied contract can only exist where there is no express one." Biller Associatesv. Rte. 156 Realty Co., 52 Conn. App. 18, 30 (1999).
Motion to Strike the third count is denied because "[c]laims of breach of an express contract and those of unjust enrichment based on quasi-contract are allowable in one complaint as alternative theories of recovery." Dreier v. Upjohn Co., 196 Conn. 242, 245 (1985); Fuessenichv. DiNardo, 195 Conn. 144, 151 (1985).
Motion to Strike the fourth count is denied because the court has no information as to what, if anything, was required of the defendant Maloney by the divorce decree as regards the plaintiff's alleged services.
Cremins, J.